UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIE VENABLE,
    Plaintiff,

vs.                               06-1082

MICHAEL HULSE, et al.
    Defendants.

## ORDER

This cause is before the court for consideration of several pending motions including: the defendants motions to dismiss the complaint [d/e 5, 12]; the defendants' motion for a protective order [d/e 18]; the defendants' motion to compel [d/e 20]; the defendants' motion for an extension of time to complete discovery [d/e 21] and plaintiff's counsel's motion to withdraw as attorney [d/e 22].

The plaintiff, Willie Veneable, brought this action pursuant to 42 U.S.C.§1983 claiming that his constitutional rights were violated at the Peoria County Jail. The plaintiff has named seven defendants including Jail Officer Michael Hulse, Sergeant Tracy Colvin, Superintendent Steven Smith, Sheriff Michael McCoy, Nurse Patricia Mattus, Advanced Health Care Systems and Peoria County. The plaintiff is represented by counsel. However, the plaintiff has not filed a response to either motion to dismiss. The motions will be considered without input from the plaintiff.

### I. FACTS

The plaintiff's complaint alleges that the defendants denied him meaningful access to the courts, violated his Fourth Amendment right to be free from unlawful search and seizures, subjected him to malicious prosecution and false arrest. The allegations in the complaint began with a dispute over the jail lights. The plaintiff says it is common practice to turn out the overhead jail lights in the evening after officers conduct an inmate count. However, on March 28, 2004, the lights were left on and the plaintiff asked Defendant Hulse to turn out the overhead lights in the jail area Defendant Hulse replied that he was going to leave the lights on overnight. The plaintiff asked to speak to command personnel and he says Hulse responded by attacking him. The plaintiff says Defendant Hulse struck him in the forehead and face, knocked him to the floor and held him down. The plaintiff claims the defendant then lied and told other officers that the plaintiff had hit Hulse and Hulse needed to subdue him. Defendant Hulse suffered minor injuries from taking the plaintiff to the floor and from the plaintiff's attempts to defend himself from Defendant Hulse's blows.

1

Defendant Hulse falsely reported that the plaintiff had struck him to his shift supervisor, Defendant Colvin.   The plaintiff was subsequently charged with aggravated assault and battery.

The plaintiff alleges that other jail staff helped cover up the true story that Defendant Hulse had attacked the plaintiff.   The plaintiff alleges that Nurse Mattus and other jail staff refused the plaintiff's requests for medical care after the assault.  The plaintiff says Defendant Colvin did not direct any investigation into the plaintiff's allegations and did not take photographs on the plaintiff's injuries.   Potential witnesses were not interviewed until three days after the incident.

The plaintiff also alleges there was a custom and policy at the Peoria County Jail "which was deliberately indifferent to the existence of destruction of evidence by intentionally refusing to preserve evidence of Jail Officer wrongdoing by not photographing injuries to detainees...and denying them medical treatment to ascertain the extent of the injuries..." (Comp, p. 7)

The plaintiff was arrested on aggravated battery and assault charges.  He prevailed at his parole revocation hearing, was acquitted of the aggravated battery charges after a jury trial and the State's Attorney chose to dismiss the aggravated assault charges.

The plaintiff alleges that Defendant Hulse violated the plaintiff's Fourth and Fourteenth Amendment rights to be free from false arrest and prosecution.   The plaintiff alleges that Superintendent Smith personally or through a subordinate also participated in the deprivation of plaintiff's Fourth and Fourteenth Amendment rights.   The plaintiff also alleges that Defendant Hulse "deprived the plaintiff of his right to bodily integrity awarded by the Fourth Amendment and his right to be free from unreasonable searches and seizures of the Fourth Amendment and his right to be free from criminal charges on fabricated evidence of the Fourth and Fourteenth Amendments." (Comp, p. 9-10).

The plaintiff further alleges that the "Jail Officers involved with Officer Hulse .......deprived plaintiff of his right of access to the courts to defend the criminal charge against him on the true facts and to bring a civil action for the deprivation of his Fourth Amendment rights for Officer Hulse's battery" by intentionally covering up key facts.   The plaintiff states that Nurse Mattus also deprived the plaintiff of his right to defend himself by refusing to do a medical examination.   The plaintiff also alleges the nurse deprived him of his right to "bring his civil actions for it full value without reduction due to the intentional conduct of the state actions guaranteed by Article VI, § 2, the right to petition of the First Amendment, and the procedural and substantial due process guarantees of the Fourteenth Amendment." (Comp., p. 10-11)

 The plaintiff also alleges state claims.   The plaintiff is asking for compensatory and punitive damages for his physical injuries, his loss of income while he was held pending trial on the aggravated battery and assault charges and for mental anguish

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim.  It is well established that pro se complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  *See also Tarkowski v. Robert*

*Bartlett Realty Co.*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff.  *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).

III. ANALYSIS

A. ACCESS TO COURTS.

The defendants argue that the plaintiff has failed to state a claim that he was denied meaningful access to the courts.  The First and Fourteenth Amendments guarantee the right to seek legal relief for claimed injuries that have a reasonable basis in fact and in law. *See Vasquez v Hernandez,* 60 F. 3d 325, 328 (7th Cir. 1995).  "A corollary of this right is that efforts by state actors to impede an individual's access to courts of administrative remedies may provide the basis for constitutional claim under 42 U.S.C. §1983."  *Cefalu v. Village of Elk Grove,* 211 F.3d. 416, 422 (7th Cir. 2000). A person's judicial access must be "adequate, effective and meaningful."*Bounds v. Smith,* 430 U.S. 817, 822 (1977).  "[T]herefore, when police officers conceal or obscure important facts about a crime from its victims rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged."*Id.*  at 422-423.

The plaintiff alleges that after Defendant Hulse attacked him, the defendants intentionally failed to investigate or maintain evidence to show his innocence.  For instance, the plaintiff alleges he was denied medical care, no pictures were taken of his injuries and no witnesses were interviewed until three days later.

The defendants argue that the plaintiff's claims are similar to those of the plaintiff in *Thompson v. Boggs,* 33 F.3d 847 (7th Cir. 1994).  In this case, the plaintiff alleged that two police officers had denied him access to the courts because they failed to put key facts in their police reports "which would form the basis of his claim for redress." *Id.* at 852.  The court found that the plaintiff "was personally involved in the incident and thus had a firsthand knowledge of all the facts and circumstances surrounding his arrest." *Id.*   The plaintiff also had the opportunity to call witnesses during his trial.  The court found the plaintiff was not prohibited from seeking effective and meaningful redress in court and dismissed his claims.  The district court granted a motion to dismiss the access to court claim and the appellate court upheld that decision. *Id.*

The Seventh Circuit has also found that when "evidence suggests that the defendants resolved not to conduct a meaningful investigation, for fear it would hurt them later when the (plaintiff) filed suit, a jury could not find for the plaintiffs on the cover-up claim because the facts that they needed to recover for their asserted injuries have always been known to them." *Cefalu,* 211 F.3d. at 424.

The court finds that the case at bar is similar to *Thompson.*  The plaintiff alleges he was attacked by Defendant Hulse.  The plaintiff also alleges that he observed the defendant immediately blame the plaintiff for the altercation.  Therefore, the plaintiff had ample knowledge of the relevant

3

facts to file a claim.   The plaintiff has not responded to the defendants argument, and the motion to dismiss this claim is granted.

B.  FALSE ARREST

The defendants also maintain that the plaintiff has failed to state a violation of his Fourth Amendment rights based on false arrest.   The defendants argue the plaintiff cannot demonstrate any injury because if his Fourth Amendment rights were violated, the injury would occur at the time of the plaintiff's arrest.   "[A]n individual is entitled to recover only for injuries suffered from the time of arrest until his arraignment." *Wallace v City of Chicago,* 440 F.3d 421 (7th Cir. 2006) "[T]he interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects." *Gauger v Hendle,* 349 F.3d 354, 363(7th Cir. 2003)

Based on the plaintiff's complaint, he was serving a sentence at the Peoria County jail at the time of his arrest for aggravated assault and battery and continued to be incarcerated on other offenses until his arraignment.  The plaintiff does not dispute this allegation.  Therefore, the motion to dismiss is granted.

C.  MALICIOUS PROSECUTION.

The defendants next argue that the plaintiff has failed to state a claim for malicious prosecution because the Seventh Circuit has held that there is no cause of action for malicious prosecution under §1983. *See Newsome v. McCabe,* 256 F.3d 747, 750-51 (7th Cir. 2001).   "In *Newsome*, the Seventh Circuit held that where the state courts will entertain malicious prosecution tort suits, as is true in Illinois, federal courts should not recognize a malicious prosecution constitutional tort under §1983."*Griffin v. City of Chicago,* 406 F. Supp. 2d 938, 947 (2005). *See also Bontkowski v. Smith*, 305 F.3d 757, 760 (7th Cir.2002)("malicious prosecution is not a federal constitutional tort as long as the state provides a remedy...")   Again, the plaintiff has failed to respond to the defendants' argument. The motion to dismiss the malicious prosecution claim is granted.

D.  FOURTH AMENDMENT

Lastly, the defendants argue that the plaintiff has failed to state a Fourth Amendment claim based on Defendant Hulse's actions.  The plaintiff alleges that Defendant Hulse "deprived the plaintiff of his right to bodily integrity awarded by the Fourth Amendment and his right to be free from unreasonable searches and seizures of the Fourth Amendment." (Comp, p. 9-10).

The plaintiff has failed to state a claim upon which relief can be granted.  The plaintiff alleges that Defendant Hulse struck him, knocked him to the floor and held him down. "[E]ven unreasonable, unjustified, or outrageous conduct by an officer is not prohibited by the Fourth Amendment if it does not involve a seizure." *Kernats v. O'Sullivan,* 35 F.3d 117, 1177 (7th Cir. 1994).  The plaintiff was already in the custody of the Peoria County Jail at the time of the offense and states that he was serving a sentence.   If the plaintiff wished to question the limits of appropriate behavior by this defendant, he should have claimed that the defendant used excessive force in violation of the Eighth Amendment.   The motion to dismiss is granted.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motions to dismiss the complaint are granted. [d/e 5, 12] . The case is dismissed without prejudice. The parties are to bear their own costs.**

**2)   The dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record this strike for failure to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915A(b).**

**3) All remaining motions are dismissed as moot. [d/e 18, 20, 21, 22]**

Enter this___15th_____ day of March, 2007.

                                                        s\Harold A. Baker
                                     _____
                                          HAROLD A. BAKER
                                   UNITED STATES DISTRICT JUDGE